Davis, J.,
delivered the opinion of the court:
When the property described in the findings (being a lot in Beaufort, S. C.) was sold under the direct-tax acts it was owned by the plaintiff herein. The lot was bid in at the sale by the United States, and was afterwards sold to plaintiff (the former owner) for $2,600.
The question now presented is whether, under the act of March 2,1891, plaintiff is entitled to recover the difference between the tax of $24 and the amount paid by him, after the sale, for the land.
The last clause of the fourth section of the act provides—
“ That any sum or sums of money received into the Treasury of the United States from the sale of lands bid in for taxes in any State, under the laws described in the first section of this act, in excess of the tax assessed thereon, shall be paid to the owners of the land so bid in and resold, or to their legal heirs or representatives.”
Upon its face this section supports plaintiff’s contention; for $2,676 has been “received into the Treasury” for the sale of this lot, bid in for taxes under the acts referred to, in excess of the tax, and plaintiff was the owner of the land.
It is sought, however, to limit the plain meaning of this section by a reference to a preceding clause of the same section, which contains this provision.
“ That in all cases where the owners or persons claiming; under them have purchased their lands from the United States,, they shall not receive compensation for such parts so purchased.
*248 This claimant is clearly not entitled to receive the benefit provided by this clause of the fourth section, to wit, one-half the assessed value of the lot 5 but it does not follow that he is not entitled to another and entirely different remedy provided in another part of the act, to wit, the return of money actually paid into the Treasury.
The purposes of this act are beneficent; the intention of Congress was to repair as far as possible any injustice occasioned by the operation of the direct-tax laws, which, in South Carolina, fell with peculiar hardship upon the inhabitants of two parishes, and to accomplish this result it divided the sufferers into several classes: First, those whose lands had been sold for a sum in excess of the tax, and to these it gives the excess, over the tax, of the value of the lands, at a certain prescribed rate; second, certain third parties who purchased at the sale, made part payment, and failing payment as to the balance due forfeited their rights. These receive the money actually paid by them on account. „
But as to the first class it is further provided that thebenefits prescribed in one clause shall not inure to them if “ they have purchased their land from the United States.” The reason of this is clear. These persons have the lands in their possession; to give them in addition the compensation provided in this clause would, in effect, pay them twice; first in the land, second in the value thereof, as in this section fixed. But it will be noted that while these owners have the lands and therefore should not also recover the $5 an acre, or half the assessed value, as the case may be, still they have lost the money they actually paid to the United States for the land, and thus they are left the only class of sufferers from the direct-tax acts, known to this court, not compensated by the act of 1891, should defendants’ contention be correct.
The clause first above quoted remedies this injustice and gives to such owners, not “ compensation” for the lands purchased, but returns to them the money actually received by the Treasury.
Our conclusion is fortified by another provision of the same law, which appropriates—
“Five hundred thousand dollars to pay for said lots and lands, which sum shall include all moneys in the Treasury *249 derived in any manner from the enforcement of the said acts in said parishes and not otherwise appropriated.”
It is not questioned that plaintiff’s money was received by the Treasury, and was derived from the enforcement of said acts; if it be true that he can not recover it back under this act, and that only those owners can recover who did not purchase their lands, together with those third party purchasers who failed to pay all the purchase money, the section first above cited is absolutely vain — has no effect and force whatever.
We are of opinion that Congress by the act intended to make good losses, and nothing more; it did not intend to pay for the land to the owner who actually had the land, but it did intend to give him back the money he actually paid for it, and which is in the Treasury. The case of Sams v. The United States (27 C. Cls. R., 266) is quite in harmony with this conclusion.
Judgment for plaintiff in the sum of $2,576.